# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 173

Ross Thomas,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

## No. 20210056

Appeal from the District Court of Hettinger County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Pat J. Merriman, Assistant State's Attorney, Mott, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1]   Ross Thomas appeals from a district court order denying his application for postconviction relief. We affirm.

I

[¶2]   In 2017, the State charged Thomas with felonious restraint, terrorizing, aggravated assault, and reckless endangerment. A jury found Thomas guilty of terrorizing, not guilty of aggravated assault and reckless endangerment, and did not reach a verdict on felonious restraint. Thomas appealed the terrorizing conviction. This Court reversed and remanded, concluding the district court erred in failing to conduct a hearing relating to juror misconduct. *State v. Thomas*, 2019 ND 194, ¶¶ 16, 18, 931 N.W.2d 192.

[¶3]   On remand, the State retried Thomas on the felonious restraint charge. The jury found Thomas guilty, and the district court sentenced him to ten years in prison. This Court affirmed the criminal judgment. *State v. Thomas*, 2020 ND 30, ¶ 21, 938 N.W.2d 897.

[¶4]   In July 2020, Thomas applied for postconviction relief, claiming ineffective assistance of counsel. He alleged his trial attorney failed to request a self-defense instruction, failed to obtain and offer video evidence, failed to call certain witnesses and failed to argue against double jeopardy. Thomas requested an evidentiary hearing and sought to have a criminal defense attorney offer expert testimony relating to the performance of Thomas's trial attorney. The State moved in limine to exclude Thomas's proposed expert testimony. The district court granted the State's motion, concluding the proposed testimony relating to the performance of Thomas's trial attorney would usurp the court's role in deciding whether the conduct of Thomas's attorney was reasonable.

[¶5]   At the evidentiary hearing on Thomas's postconviction relief application, his trial attorney testified about her trial strategy and why she did not request a self-defense jury instruction. She also testified she spoke with Thomas about the video evidence, but he did not want to continue the trial to pursue the evidence.

The district court denied Thomas's application for postconviction relief, concluding he did not receive ineffective assistance of counsel.

## II

[¶6]   Postconviction proceedings are civil in nature and the applicant must establish the grounds for relief. *Hunter v. State*, 2020 ND 224, ¶ 10, 949 N.W.2d 841. The standard of review in postconviction proceedings is well established:

> "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding."

*Hunter*, at ¶ 11 (quoting *Brewer v. State*, 2019 ND 69, ¶ 4, 924 N.W.2d 87).

[¶7]   To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hunter*, 2020 ND 224, ¶ 10 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Hunter*, at ¶ 11. However, a court's findings of fact in a postconviction proceeding will not be reversed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *State v. Steen*, 2004 ND 228, ¶ 8, 690 N.W.2d 239.

## III

[¶8]   Thomas argues the district court abused its discretion by excluding his proposed expert witness from testifying.

[¶9]   Rule 702, N.D.R.Ev., relating to opinion testimony by an expert witness, provides:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

"Expert testimony is admissible whenever specialized knowledge will assist the trier of fact." *Condon v. St. Alexius Med. Ctr.*, 2019 ND 113, ¶ 28, 926 N.W.2d 136. The district court has broad discretion to admit or exclude expert testimony, and its decision is reviewed for an abuse of discretion. *Klein v. Estate of Luithle*, 2019 ND 185, ¶ 3, 930 N.W.2d 630. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶10] In response to the State's objections to Thomas's application for relief, he requested a hearing "so he can call his trial attorney and question her about why she didn't request the self-defense jury instruction." Thomas also sought the testimony of a criminal defense attorney "to give his opinion on the self-defense jury instruction and why when it is given there has to be an instruction on the burden of proof for the state." Thomas filed a notice of expert witness, stating:

> "Attorney [Thomas Tuntland], who will give his expert opinion on a defense attorney's duties and obligations during a jury trial to request jury instructions on all elements of the crime or crimes charged and to also request jury instructions on any justification, excuse, or affirmative defense that is applicable to the crime or crimes charged. One of the jury instructions Attorney Tuntland will give his opinion on is the self-defense instruction and how it applies to this case."

[¶11] The State moved to exclude Tuntland's testimony. At the hearing on the State's motion, Tuntland stated: "Based on my 42 years of trial experience, I am not able to give an opinion as to the propriety of [Ms. Weiler's] representation until I've heard [her] testimony." Upon questioning by the

district court, Thomas's lawyer stated he believed Tuntland's testimony would go to both prongs of the *Strickland* test.

[¶12] The district court granted the State's motion in limine excluding testimony from Tuntland. The court's order did not address N.D.R.Ev. 702 on whether Tuntland's testimony would "help the trier of fact to understand the evidence or to determine a fact in issue." Rather, the court relied in part on this Court's holdings in attorney discipline cases "that expert testimony regarding the interpretation of the rules of professional conduct and whether a rule has been violated is inappropriate." *In re Disciplinary Action Against McKechnie*, 2003 ND 22, ¶ 15, 656 N.W.2d 661. The court concluded "the objective standard of what are the prevailing norms of practice is a matter of law solely for the Court to determine." "Neither is the Court persuaded that the proffered opinion testimony is relevant to the question of whether the conduct of [Thomas's] trial counsel fell below such standard is admissible." The court also concluded, "Inasmuch as it is the Court's responsibility to make findings of fact as to whether the actual conduct of the [Thomas's] trial attorney fell below the objective standards, the Court concludes on the basis of the rulings in the *McKechnie* cases that any proffered testimony on that subject would usurp the Court's role." The court ordered "that no opinion testimony will be allowed as concerns the question of what are the objective standards of reasonableness and whether the conduct of [Thomas's] trial counsel fell below those standards."

[¶13] This Court has not addressed the admissibility of expert opinion testimony relating to ineffective assistance of counsel in a postconviction relief proceeding. In *State v. Pico*, 914 N.W.2d 95 (Wis. 2018), the Wisconsin Supreme Court discussed expert testimony in the context of ineffective assistance of counsel. On the mixed question of fact and law standard of review, the court explained, "In the specific context of an ineffective assistance of counsel claim, findings of fact include the circumstances of the case and the counsel's conduct and strategy." *Id.* at 106-07. Whether the factual description of counsel's strategy and conduct add up to deficient performance is a question of law that is reviewed de novo. *Id.* at 107. On whether another attorney can opine on a trial counsel's performance, the court stated "[e]xpert testimony is admissible

to address questions of fact, not law. This is so because the only expert on domestic law is the court." *Id.* at 110. *See also United States v. Bull*, 8 F.4th 762, 768 (8th Cir. 2021) (stating "expert testimony on legal matters is not admissible because matters of law are for the trial judge"). The court held "expert testimony about the 'reasonableness' of counsel's performance is inadmissible because it addresses a question on which the court is the only expert." *Pico*, at 111. The court concluded "*Strickland* expert testimony is admissible . . . but only to the extent the expert focuses on factual matters and does not offer his [or her] opinion on the reasonableness of trial counsel's conduct or strategy." *Id.* 112.

[¶14] Here, the district court employed reasoning similar to the Wisconsin Supreme Court. The court ruled the objective standard of reasonableness and whether an attorney's performance fell below that standard was a question of law for the court to decide. Testimony relating to the objective reasonableness of an attorney's performance would supplant the court's role in deciding that question.

[¶15] Thomas did not submit an offer of proof regarding Tuntland's proposed testimony. "In the absence of an offer of proof about the substance of the excluded evidence, our review is limited." *Williston Farm Equip., Inc. v. Steiger Tractor, Inc.*, 504 N.W.2d 545, 550 (N.D. 1993). Nevertheless, Tuntland stated he had to hear Thomas's trial attorney's testimony before he gave his opinion about her representation. That implies he would testify about the objective reasonableness of her representation, which is a question of law for the district court. Because no offer of proof was made, we do not decide whether other opinion evidence might have been admissible. *See Pico*, 914 N.W.2d at 115-16 (Bradley, J., concurring). On the record before us, the court did not abuse its discretion by excluding Tuntland's testimony.

IV

[¶16] Thomas claims the district court erred in denying his application for postconviction relief. Thomas claims he received ineffective assistance of counsel because his trial counsel failed to request a self-defense instruction,

failed to acquire certain video evidence, failed to produce or depose crucial witnesses and failed to argue against double jeopardy.

[¶17] An applicant claiming ineffective assistance of counsel must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hunter*, 2020 ND 224, ¶ 10.

> "To establish the first prong, the applicant must overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight. An unsuccessful trial strategy does not make for defective assistance of counsel.
>
> "To establish the second prong, the defendant must specify how and where trial counsel was incompetent and the probable different result. A reasonable probability is a probability sufficient to undermine confidence in the outcome. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

*Id.* at ¶¶ 12-13 (cleaned up).

A

[¶18] Thomas argues his trial counsel was ineffective by not requesting a self-defense jury instruction. Thomas asserts he acted in self-defense when he pointed a gun at the victim after the victim entered his home uninvited.

[¶19] In general, "[a] person is justified in using force upon another person to defend himself against danger of imminent unlawful bodily injury." N.D.C.C. § 12.1-05-03. "A defendant is entitled to a jury instruction on a defense if there is evidence to support it and it creates a reasonable doubt about an element of the charged offense." *State v. Samshal*, 2013 ND 188, ¶ 14, 838 N.W.2d 463.

6

[¶20] Thomas's trial attorney explained why she did not request a self-defense instruction:

> "Because this incident is alleged to have occurred over several hours, and if the incident had to—had ended immediately after Mr. Thomas pointing the gun or grabbing the gun, then I would have argued self-defense, but there were several other hours that had gone on, and Mr. Thomas, in his testimony, admitted that he had went after the alleged victim after he had escaped from the house and went and found him and spent time looking for him, and then got him back in the vehicle and drove it back to the house, and so in my opinion self-defense was not appropriate, nor would I have grounds to have asked for it from the Court."

[¶21] After reviewing the evidence, the district court explained how Thomas was not entitled to a self-defense instruction on the felonious restraint charge:

> "[T]his Court concludes that the trial of the felonious restraint charge . . . was not an appropriate case for the defense of self-defense. More specifically stated, this Court concludes that evidence that the force Thomas used when he pointed a gun at the victim had no nexus with the conduct for which he was charged. Furthermore, no evidence of force in the form of the restraint of the victim necessary for the self-defense of Thomas was offered or otherwise received into evidence. For that reason, the Court concludes that the defense of self-defense was not available to Thomas based upon the evidence or, more accurately, the lack of evidence supporting such."

The court concluded Thomas failed to establish his trial counsel's conduct fell below an objective standard:

> "It does not appear to the Court that Thomas's trial counsel simply did not consider the availability of self-defense. Rather, it appears that, aware of the entirety of the evidence, she made a conscious decision not to request such. Again, included in that evidence is the testimony and evidence that Thomas and his cohorts engaged in truly reprehensible conduct towards the victim long after that point when Thomas claimed he was justified in pointing a gun at the victim in self-defense."

7

. . . .

> "Against that background, this Court concludes that Thomas has failed to demonstrate that trial counsel's conduct on this issue fell below an objective standard. Furthermore, again based upon the Court's familiarity with the evidence, this Court concludes that Thomas has failed in his burden to show that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceeding would have been different. Therefore, that portion of Thomas's application for post-conviction relief based upon the failure to request a self-defense instruction is DENIED."

[¶22] The record supports the district court's analysis on Thomas's self-defense argument. Evidence presented at trial showed Thomas's criminal conduct continued for hours after he pointed a gun at the victim. "Acts cannot be regarded as having been done in self-defense where the force is employed after the necessity therefor has ceased to exist." *State v. Graber*, 44 N.W.2d 798, 802 (N.D. 1950). The court did not err in concluding Thomas failed to demonstrate his trial counsel's conduct fell below an objective standard of reasonableness.

B

[¶23] Thomas contends his trial counsel was ineffective because she did not obtain and offer video evidence at trial. Thomas claims the attorney's failure to obtain the evidence prejudiced him.

[¶24] Thomas's trial counsel testified that about two weeks before trial, the State notified her of video surveillance of Thomas's residence around the time of the criminal conduct in February 2017. She testified the State was unable to send her a copy of the video; however, she could have driven to Minot to view the video before trial. She testified she discussed the issue with Thomas but he did not want to continue the trial to a later date.

[¶25] Although not newly discovered, the district court found Thomas offered the video evidence at the evidentiary hearing to "bolster his claim that [he] was entitled to a self-defense instruction." The court found the evidence was not relevant because Thomas was not entitled to a self-defense instruction. The

8

court also found "trial counsel was made aware of the existence and availability of that evidence and discussed the need to request a continuance to get it, but that Thomas adamantly opposed the continuance and elected to proceed without it." The court rejected Thomas's argument that his trial counsel's conduct fell below an objective standard because she failed to obtain and offer the video evidence.

[¶26] The evidence Thomas complains of is not newly discovered. Additionally, his trial counsel discussed with him the possibility of seeking a continuance to pursue the evidence. Thomas declined. The district court did not err in concluding Thomas failed to establish his trial attorney's conduct was constitutionally deficient by not obtaining the video evidence.

C

[¶27] Thomas's postconviction relief application claimed his trial counsel was ineffective because she did not challenge "other bad acts," failed to make a double jeopardy argument and failed to produce or depose crucial witnesses. Thomas failed to address the double jeopardy and bad acts arguments at the evidentiary hearing, and failed to adequately brief the witness issue on appeal. The applicant must establish the grounds for postconviction relief. *Hunter*, 2020 ND 224, ¶ 10. Additionally, we will not consider arguments not adequately briefed. *State v. Gates*, 2020 ND 237, ¶ 8, 951 N.W.2d 223. Therefore, we decline to address those arguments.

V

[¶28] Thomas's remaining arguments are either without merit or not necessary to our decision. The order denying postconviction relief is affirmed.

[¶29] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte