# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 72

Jarrod Jashawn Adams,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20250337

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; on brief.

Heather E. Misialek, Assistant State's Attorney, and Andrea Rud, under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for respondent and appellee; on brief.

**Per Curiam.**

[¶1]   Jarrod Jashawn Adams appeals from the district court's order denying his petition for postconviction relief and subsequent judgment. Adams argues he received ineffective assistance of counsel because his trial attorney failed to adequately communicate with him, failed to review discovery, failed to consult him on trial strategy, advised him against testifying, and submitted jury instructions that created legal ambiguity in the kidnapping charge.

[¶2]   To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), which require: "(1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thomas v. State*, 2021 ND 173, ¶ 7, 964 N.W.2d 739. Findings of fact made in a postconviction relief proceeding are subject to the clearly erroneous standard of review. *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521.

[¶3]   After a hearing, the district court found Adams failed to establish with specificity his trial attorney's representation fell below an objective standard of reasonableness. The court further found Adams failed to show he was prejudiced by his trial attorney's performance. The district court's findings of fact are not clearly erroneous and the court did not err in determining Adams failed to establish his ineffective assistance of counsel claim. We summarily affirm the order and judgment under N.D.R.App.P. 35.1(a)(2).

[¶4]   Lisa Fair McEvers, C.J.
       Jerod E. Tufte
       Jon J. Jensen
       Douglas A. Bahr
       Mark A. Friese

1