PEERLESS WEIGHING & VENDING MACHINE CORPORATION, Appellant, v. MARK G. THORNBURG, Secretary of Agriculture, Appellee.

No. 46172.

MAY 4, 1943.

Frank Newman, of Chicago, and Devitt, Eichhorn & Devitt, of Oskaloosa, for appellant.

John M. Rankin, Attorney General, Ned B. Turner and William McFarlin, Assistant Attorneys General, for appellee.

BLISS, J.— ■ The appellant owns and maintains a large number of automatic scales or weighing machines in the state of Iowa, which are operated by a person standing upon the platform of the scales and inserting a penny in a slot, whereupon a hand moves upon a dial to a point where the person's weight is indicated. On some of the machines a card is discharged with the weight of the person and the date printed thereon, and, on the reverse side, the picture of a stage or movie actor and an agreeable fortune of the person.

The licensing and inspection of public scales come within the jurisdiction of the appellee. The pertinent statutory provisions appear in chapter 164 of the Code of 1939. For many years the secretary of agriculture has been charging and collecting a license or inspection fee of three dollars for each of these weighing machines. The appellant places the machines in drugstores, depots, or such other places as may be available. The proprietors of these places are at no expense for the care or repair of the machines and they receive a percentage of the coins collected by them. The appellant keeps them in repair by periodic inspection.

Section 3258 of the 1939 Code is as follows:

"Definitions. For the purpose of this chapter:

"1. 'Public scale' shall mean any scale or weighing device for the use of which a charge is made or compensation is derived.

"2. 'Gasoline pump' * * *."

The definition first appeared in section 2065 of the Code of 1873, in these words: "Every scale shall be deemed a public one for the use of which a charge is made." The same section and sections 2066, 2067, and 2068 of that Code, contained provisions respecting weighmasters similar to those contained in sections 3263, 3264, and 3265 of the Code of 1939.

Appellant contends that because its automatic, coin-operated, weighing machines require no weighmasters to operate them, chapter 164 of the 1939 Code, which contains the last-mentioned sections, was never intended to apply to such weighing machines, and that such scales do not come within the definition of a "public scale" as given in section 3258.

Sections 3258, 3259, 3260, 3261 and 3262, Code of 1939, providing for an annual license fee for public scales, were formerly a part of section 3009-m of the 1913 Code Supplement, enacted by the Thirty-fifth General Assembly, chapter 266, section 13. This section, which later appeared as section 3009-m of the 1915 Supplemental Supplement, and as section 1586 of the Compiled Code of 1919, and of the 1921 and 1923 Supplements thereto, specifically provided that a license costing three dollars annually must be procured in order to use a money-in-the-slot, or automatic, scale for weighing persons.

In the compilation and enactment of the 1924 Code, by the Extra Session of the Fortieth General Assembly, chapter 164 of that Code (Public Scales and Oil Meters), was enacted as chapter 17 of House File 261. Chapter 164 of the 1924 Code appears without material change in all subsequent Codes. While these chapters make no specific mention of coin-operated, automatic weighing machines, it is our judgment that they come within the provisions of chapter 164, Code of 1939, and within the definition of a "public scale" as given in section 3258. The fact that the sections of the chapter referring to weighmasters can have no application to slot-machine scales does not mean that such weighing devices are not included within the statutory definition of a "public scale."

On January 29, 1941, the attorney general rendered an opinion to the appellee that coin-operated, automatic scales, and weighing machines were within the statutory definition of "public scale."

It is our conclusion that the appellee has statutory authority to require an annual license fee, under chapter 164 of the 1939 Code, for the use of each of appellant's weighing machines.

The decree of the trial court is, therefore, affirmed.— Affirmed.

GARFIELD, C. J., and HALE, MILLER, OLIVER, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.