# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 155

State of North Dakota,

Plaintiff and Appellee

v.

Steven Floyd Helm,

Defendant and Appellant

## No. 20190325

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Robert C. Vallie (argued) and Tracy E. Hines (appeared), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Steven Floyd Helm appeals from a criminal judgment finding him guilty of driving under the influence, a fourth offense in fifteen years. He argues the State failed to present evidence on the second essential element that he was under the influence. Because Helm failed to preserve the issue he argues on appeal, we affirm.

I

[¶2]   In the early hours of September 3, 2018, law enforcement responded to a report of a vehicle with the driver slumped over the steering wheel. On approach to the driver's door the vehicle began to move forward and law enforcement knocked on the window, waking the driver who then stopped the vehicle. Helm voluntarily submitted to field sobriety tests and a preliminary breath test. Helm was arrested for driving under the influence and brought to Cass county jail. Helm refused to take any further testing. At trial Helm made a motion to dismiss for lack of evidence that his car was located in a place covered by the statute. The district court denied the motion. A jury found Helm guilty of driving under the influence, a fourth offense in fifteen years.

II

[¶3]   Helm appeals, arguing the State failed to present evidence that he was under the influence.

[¶4]   Helm was charged and found guilty under N.D.C.C. § 39-08-01 which states:

> "1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
> . . . .

c. That person is under the influence of any drug or substance or combination of drugs or substances to a degree which renders that person incapable of safely driving.

. . . .

3. An individual violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second offense in a seven-year period, of a class A misdemeanor for a third offense in a seven-year period, and of a class C felony for any fourth or subsequent offense within a fifteen-year period. The minimum penalty for violating this section is as provided in subsection 5. The court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence."

[¶5] At trial, Helm made a Rule 29 motion for a judgment of acquittal stating, "Maybe a motion to dismiss considering I wasn't on a public roadway." Motions to "dismiss" or to "direct a verdict" are treated as motions for a judgment of acquittal under Rule 29. *State v. Himmerick*, 499 N.W.2d 568, 574 n.1 (N.D. 1993). North Dakota Rule of Criminal Procedure Rule 29(a) provides:

"(a) **Before Submission to the Jury**. After the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the prosecution's evidence, the defendant may offer evidence without having reserved the right to do so."

[¶6] In *State v. Yineman,* we cited Rule 29(a) of the Federal Rules of Criminal Procedure and held a defendant must move for a judgment of acquittal to preserve a sufficiency of the evidence claim on appeal. 2002 ND 145, ¶ 15, 651 N.W.2d 648. The Court in *Yineman* stated, "And if the defendant has asserted specific grounds in the trial court as the basis for a motion for acquittal, he or she cannot assert other grounds on appeal." *Id*. citing Charles A. Wright, *Federal Practice and Procedure* § 469, at 321-23 (3rd ed. 2000) (footnotes omitted). The requirement identified in *Yineman* is consistent with case holdings in a majority of federal courts of appeal that have interpreted Rule

29(a) of the Federal Rules of Criminal Procedure. *See U.S. v. Daniels*, 930 F.3d 393, 402 (5th Cir. 2019); *U.S. v. Osborne*, 886 F.3d 604, 618 (6th Cir. 2018); *U.S. v. Chong Lam*, 677 F.3d 190, 200 (4th Cir. 2012); *U.S. v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007); *U.S. v. Belardo-Quinones*, 71 F.3d 941, 945 (1st Cir. 1995). "When our rule is derived from a federal rule, we may look to the federal courts' interpretation or construction of identical or similar language as persuasive authority for interpreting our rule." *State v. Trevino*, 2011 ND 232, ¶ 9, 807 N.W.2d 211 (citing *State v. Runck*, 534 N.W.2d 829, 831 (N.D. 1995)); *State v. Jenkins*, 326 N.W.2d 67, 69-70 n.4 (N.D. 1982); *State v. Rueb*, 249 N.W.2d 506, 510 (N.D. 1976); *see also* N.D.R.Crim.P. 2, explanatory note.

[¶7]   At trial, Helm's basis for dismissal was that he "wasn't on a public roadway." On appeal Helm challenges the sufficiency of evidence establishing he was under the influence of any drug or other substance. Because Helm made a motion for judgment of acquittal on specified grounds, and those grounds did not include the claim on appeal, Helm cannot now raise this argument.

### III

[¶8]   We decline to consider Helm's argument for the first time on appeal. The district court's criminal judgment finding Helm guilty of driving under the influence, a fourth offense in fifteen years is affirmed.

[¶9]   Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle
Jon J. Jensen, C.J.