# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 200

State of North Dakota,                               Plaintiff and Appellant

v.

Dylan Steve Nupdal,                               Defendant and Appellee

### No. 20210015

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices VandeWalle, Crothers, and McEvers joined. Justice McEvers also filed a separate opinion concurring specially.

Rebecca L. Flanders, State's Attorney, Cavalier, N.D., for plaintiff and appellant; submitted on brief.

Robert J. Woods, Forest River, N.D., for defendant and appellee; submitted on brief.

**State v. Nupdal**
No. 20210015

**Tufte, Justice.**

[¶1]  The State appeals from a district court order dismissing a felony charge of unlawful possession of drug paraphernalia for lack of probable cause. The State argues the court erred in concluding a scale only alleged to have been used to weigh and package methamphetamine into smaller quantities did not satisfy the statutory element requiring use or intent to use the scale to produce or prepare methamphetamine. We affirm.

I

[¶2]  The State charged Dylan Nupdal with unlawful possession of drug paraphernalia (a class C felony), among other offenses. At the preliminary hearing, Sergeant Cory Mortensen and Task Force Officer Douglas Hill testified they were dispatched to investigate a possibly impaired driver stopped on the side of a road in Pembina County. Upon investigation, the officers discovered suspected marijuana as well as items used to smoke marijuana. Mortensen testified that when he searched Nupdal, Nupdal stated he had methamphetamine inside his sock. According to Mortensen, after he found a baggie with a crystalline substance, Nupdal said "he was going to sell it because he needed the money." The officers then searched his vehicle and found a scale with a white residue on it, which Mortensen suspected was methamphetamine.

[¶3]  The district court concluded that although the scale was drug paraphernalia, the State failed to establish probable cause of Nupdal using, or possessing with intent to use, the scale to manufacture, compound, convert, produce, process, prepare, test, or analyze methamphetamine as required by the felony drug paraphernalia statute. The court dismissed the charge for lack of probable cause. The State appeals under N.D.C.C. § 29-28-07(1).

[¶4] The State argues the district court misinterpreted the felony paraphernalia statute and erred in dismissing the charge for lack of probable cause. "Whether facts found by a district court reach the level of probable cause is a question of law, fully reviewable on appeal." *State v. Mitchell*, 2021 ND 93, ¶ 6, 960 N.W.2d 788. "[P]robable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed, and knowledge of facts sufficient to establish guilt is not necessary to establish probable cause." *Id.* (quoting *State v. Midell*, 2011 ND 114, ¶ 11, 798 N.W.2d 645).

[¶5] Our standard of review for issues of statutory interpretation is well-established:

> Statutory interpretation is a question of law. Statutes must be construed as a whole and harmonized to give meaning to related provisions, and are interpreted in context to give meaning and effect to every word, phrase, and sentence. In construing statutes, we consider the context of the statutes and the purposes for which they were enacted. When a general statutory provision conflicts with a specific provision in the same or another statute, the two must be construed, if possible, so that effect may be given to both provisions. When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute.

*State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840. "Words used in any statute are to be understood in their ordinary sense . . . ." N.D.C.C. § 1-02-02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05.

[¶6] The State charged Nupdal with unlawful possession of drug paraphernalia in violation of N.D.C.C. § 19-03.4-03(1), which provides in relevant part:

> A person may not use or possess with intent to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of chapter 19-03.1. A person violating this subsection is *guilty of a class C felony* if the drug paraphernalia is used, or possessed with intent to be used, to manufacture, compound, convert, *produce*, process, *prepare*, test, or analyze a controlled substance . . . .

(Emphasis added.) Drug paraphernalia includes "[s]cales and balances used, intended for use, or designed for use in *weighing or measuring* controlled substances." N.D.C.C. § 19-03.4-01(5) (emphasis added).

[¶7]   The State asserts the scale was used, or possessed with intent to be used, to *produce* or *prepare* methamphetamine. The plain meaning of "produce" is to create or bring into existence. *See generally* Webster's Third New International Dictionary 1810 (3d ed. 1961) (defining "produce"). "Prepare" is defined, in relevant part, as "to make ready beforehand for some purpose" and "to put together." *Id.* at 1790. Although not alleged here, a scale could be used to measure ingredients in the course of manufacturing, producing, or preparing methamphetamine. *See State v. Ward*, 133 Wash. App. 1041 (2006). Here, the State alleged only that Nupdal "possessed a silver digital scale . . . commonly used to weigh a controlled substance in order to package into smaller quantities to prepare for resale." This allegation is consistent with N.D.C.C. § 19-03.4-01(5), which refers to scales used to weigh or measure previously produced controlled substances.

[¶8]   The State cites two cases in which it argues a defendant was charged with felony possession of drug paraphernalia for possessing a scale: *State v. Stands*, 2021 ND 46, 956 N.W.2d 366, and *State v. Apland*, 2015 ND 29, 858 N.W.2d 915. In *Stands*, we analyzed whether law enforcement had reasonable suspicion to continue detaining the defendant after discovering a scale with methamphetamine residue on his person. 2021 ND 46, ¶ 18. In *Apland*, the defendant challenged the sufficiency of a search warrant affidavit, arguing it was based on an illegal "trash pull." 2015 ND 29, ¶ 8. Neither case discusses whether use of a scale to weigh and package a controlled substance may be

sufficient to show its use to "produce" or "prepare" a controlled substance in violation of the felony paraphernalia provision in N.D.C.C. § 19-03.4-03(1).

[¶9] In the charging document, the State alleged Nupdal possessed a scale which is "an item commonly used to weigh a controlled substance in order to package into smaller quantities to prepare for resale." Mortensen testified that Nupdal admitted he was going to sell the suspected methamphetamine and that "[s]cales are commonly used to distribute narcotics." Hill testified that the purpose of the scale was "[t]o weigh the suspected methamphetamine for resale." Hill described the process, stating that "you essentially take it from any quantity, place it on the scale, take a weight, which you would then package into separate baggies for resale."

[¶10] The district court concluded that the scale was drug paraphernalia, but that the State failed to provide probable cause that the scale was used, or possessed with intent to be used, to manufacture, compound, convert, produce, process, prepare, test, or analyze methamphetamine. The court found the officers' testimony established the scale was used to weigh methamphetamine for the purpose of packaging it for resale, consistent with the charging document. Further, the court noted, "The plain language of the second sentence of N.D.C.C. § 19-03.4-03[(1)] that classifies drug paraphernalia as a class C felony specifically *excludes* packing and repacking as felony activity."

[¶11] Under the plain language of the statute, a person is guilty of a class C felony if the drug paraphernalia is used, or possessed with intent to be used, in eight enumerated ways. These eight prohibited uses do not include using, or possessing with an intent to use, drug paraphernalia to weigh a controlled substance, which is what was alleged by the State, testified to by Hill, and ultimately found by the district court.

[¶12] The definition section, N.D.C.C. § 19-03.4-01, supports this interpretation, providing that drug paraphernalia includes kits, blenders, bowls, containers, spoons, grinders, and mixing devices used in *producing* or *preparing* controlled substances, N.D.C.C. §§ 19-03.4-01(2), (8), and scales and balances used in *weighing* or *measuring* controlled substances, N.D.C.C. § 19-

4

03.4-01(5). This section implicitly recognizes scales are used to weigh or measure controlled substances when categorized as drug paraphernalia. *See also Marcum*, 2020 ND 50, ¶ 21 (noting we harmonize statutes to give meaning to related provisions).

[¶13] Accordingly, the district court did not err in concluding the State failed to establish probable cause of Nupdal unlawfully possessing drug paraphernalia, and dismissing the felony charge.

## III

[¶14] The district court order is affirmed.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte


**McEvers, Justice, concurring specially.**

[¶16] Based on the findings of fact made by the district court, I agree with and have signed with the majority. I write separately to note, that under different facts, a scale may meet the definition of felony level drug paraphernalia.

[¶17] Lisa Fair McEvers