**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**OCTOBER 11, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 196

State of North Dakota,                                     Plaintiff and Appellee

v.

Milo Blaine Whitetail,                                     Defendant and Appellant

## No. 20230044

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Milo Blaine Whitetail appeals from a criminal judgment entered after a jury found him guilty of intentional or knowing murder. Whitetail argues the evidence is insufficient to prove that he was not in a dissociative mental state at the time of the murder due to his post-traumatic stress disorder. Whitetail argues the State has not proven he acted knowingly or intentionally. We affirm.

I

[¶2]   Law enforcement was dispatched to a motel in Minot where Whitetail was living. Officers observed a male laying on the floor bleeding in Whitetail's room. Whitetail admitted he stabbed the man. An autopsy revealed the cause of the victim's death to be stab wounds to the neck and chest. The State charged Whitetail with class AA felony murder in violation of N.D.C.C. § 12.1-16-01(1). At trial, Whitetail called a psychologist, Dr. Shannon Weisz, as a witness. Dr. Weisz testified Whitetail had PTSD, which can cause people to overestimate the risks of danger. The State called Dr. Michael Vitacco, also a psychologist, as a rebuttal witness. Whitetail moved for acquittal under N.D.R.Crim.P. 29 arguing the evidence established he was acting in self-defense and in a dissociative mental state caused by his PTSD. The district court denied his motion. The court gave the jury a verdict form asking whether Whitetail was guilty of intentional or knowing murder, and if so, whether he was acting under the influence of extreme emotional disturbance. The jury found Whitetail guilty and that he was not acting under extreme emotional disturbance. The court sentenced Whitetail to life in prison without the possibility of parole. Whitetail appeals.

II

[¶3]   Whitetail argues the evidence presented at trial is insufficient to sustain the guilty verdict. He asserts "the State offered no evidence whatsoever that Milo was not suffering from a dissociative state through his triggered PTSD

symptoms" and "the jury had no evidence before it to counter Milo's defense of a PTSD triggered dissociative state."

[¶4] Under N.D.R.Crim.P. 29(a), the district court must enter judgment of acquittal upon a defendant's motion if the evidence presented at trial is insufficient to sustain a conviction. Our standard for reviewing a defendant's challenge to the sufficiency of the evidence is well established:

> "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty."

*State v. Dahl*, 2022 ND 212, ¶ 5, 982 N.W.2d 580 (alteration in original) (quoting *State v. Nakvinda*, 2011 ND 217, ¶ 12, 807 N.W.2d 204).

[¶5] Whitetail's expert witness, Dr. Weisz, testified that dissociation can be an element of PTSD, but he did not testify concerning Whitetail's intent:

> "Q    You say maybe, maybe not a lot in your report, and here on the stand with regards to intent. Are you not able to make a definitive determination?
>
> A    I guess, about what?
>
> Q    About his intent, and whether the PTSD played any part in extreme emotional disturbance.
>
> A    I guess I'm not talking about intent. I talked about his diagnosis and the impact that a diagnosis can have on a situation like we're talking about.

Q Okay. So you have rendered no opinion as to what Mr. Whitetail's intent was; is that correct?

A Correct."

[¶6] The State's expert witness, Dr. Vitacco, opined Whitetail was criminally responsible despite his PTSD diagnosis. Dr. Vitacco testified he reviewed body camera video of Whitetail speaking with law enforcement at the scene and noted Whitetail was "talking logically, coherently, he did not appear to be [sic] that he was under extreme emotional distress at that time. He was relating incidents, and went as so far as to blame the alleged victim in this case for what happened." The jury also viewed the body camera video. Dr. Vitacco opined Whitetail was aware of his actions during the incident, noting Whitetail "was much more coherent than you would otherwise think of someone in these—you know, who is disassociating or leaving these experiences in such a fashion." He explained dissociation associated with PTSD is "not a light switch. It doesn't just come on and off. . . . there is a period of ramping up and a period of ramping down. That just wasn't evidenced here."

III

[¶7] The State presented evidence supporting a finding that Whitetail acted knowingly or intentionally. Whitetail has not met his burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. We affirm the judgment.

[¶8] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

3