2015 ND 36

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Donald Michael BEAR, Defendant and Appellant.**

No. 20140253.

Supreme Court of North Dakota.

Feb. 12, 2015.

Katherine M. Naumann, Jamestown, ND, for plaintiff and appellee.

Leslie J. Aldrich (argued) and Joshua Nyberg (on brief), North, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Donald Bear appeals from a district court judgment after being found guilty of obstructing a section line. Because there was sufficient evidence to support his conviction, we affirm.

## I

[¶ 2] On November 23, 2013, while patrolling on an alleged section line in a state vehicle, Greg Hastings, a state game warden, followed hunters northwest of Jamestown and struck a large rock, damaging the vehicle. After observing the accident, the hunters approached Hastings, and based on their conversation, Hastings learned Bear had allegedly put the rock in that location. While the vehicle was being towed from the scene, Hastings alerted law enforcement. After an investigation, Bear was charged with violating N.D.C.C. § 24-06-28, a class B misdemeanor, for obstructing a section line because he allegedly placed the rock in question on a section line.

[¶ 3] At the bench trial, Deputy Metzger, who conducted the investigation, testified that Bear told him he put the rock there to keep somebody from driving in his field. Bear also testified and denied making that statement. Bear admitted he placed the rock there so that if he decided to "break up" the section line, he would not have to farm around a rock pile.

[¶ 4] Several witnesses described the trail where the accident occurred as a section line. Hastings testified the rock was in the center of the trail, but acknowledged there was a path going around the rock. Witnesses also testified the crash's impact moved the rock an estimated ten to forty feet, and one witness testified the impact

actually pushed the rock onto the trail. The State offered two exhibits, prepared by Hastings, mapping the rock's location; however, three witnesses testified the exhibits did not accurately depict the accident location.

[¶ 5] At the bench trial and at the close of the State's evidence, Bear moved for acquittal. The district court denied his motion and found Bear guilty.

## II

[¶ 6] On appeal, Bear argues the district court erred in not granting his acquittal motion because the evidence did not support the conviction, his actions did not violate the statute, the matter should have been tried civilly, and there are public policy concerns if his conviction is affirmed.

[¶ 7] "After the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." N.D.R.Crim.P. 29(a).

> To grant a motion for judgment of acquittal under N.D.R.Crim.P. 29, a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged.... To successfully challenge the sufficiency of the evidence on appeal, the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt.

*State v. Herzig*, 2012 ND 247, ¶ 12, 825 N.W.2d 235 (internal citations and quotations omitted).

## III

[¶ 8] Bear was found guilty of violating N.D.C.C. § 24–06–28 [1] because he placed a rock on a section line. Section 24–06–28(1), N.D.C.C., states: "A person may not place ... any permanent obstruction within the vertical plane of thirty-three feet ... of any section line ... unless written permission is first secured" from the board of county commissioners or township supervisors. Violation of any provision in Title 24 "for which another penalty is not specifically prescribed is guilty of a class B misdemeanor." N.D.C.C. § 24–12–05.

[¶ 9] Bear asserts this matter should have been tried civilly, rather than criminally. Bear argues the fact finder should have been called upon to assign the parties' comparative fault. Bear notes even the district court acknowledged it would have been better to deal with the matter civilly. He argues the State's motivation for criminally prosecuting him can only be viewed as "financial in nature" because there was no public safety issue since the fields were posted as no hunting or trespassing, the hunters traveled safely around the rock, and only Hastings, who was not paying attention and driving too fast, struck it. Bear argues he was criminally prosecuted because the State did not want to have its recovery of damages reduced due to its own employee's negligence, it is a miscarriage of justice to hold him criminally liable for Hastings' negligence, and upholding his conviction raises public policy concerns.

[¶ 10] Bear referenced the compromise statutes, namely N.D.C.C. §§ 29–01–16, 29–01–17, and 29–01–19. Section 29–01–19, N.D.C.C., states: "A public offense may not be compromised, nor may any

---

1.  The criminal complaint referenced an older version of the statute which prohibited a "permanent obstruction, stone, tree ... or rubbish" to be placed on a section line. *See* N.D.C.C. § 24–06–28 (2009). Bear did not raise this as an issue at trial or on appeal.

proceeding for the prosecution or punishment thereof, upon a compromise, be stayed except ... with the consent of the state." Here, the State did not consent to a compromise or feel compromising was the appropriate method to resolve the matter because Bear's placement of the rock on a section line violated state law, and his actions led to an accident which damaged a state vehicle.

[¶ 11] Generally, prosecutors have broad discretion in enforcing criminal laws. *State v. Loughead,* 2007 ND 16, ¶ 12, 726 N.W.2d 859. "[S]o long as the prosecutor has probable cause to believe the accused committed an offense defined by statute, the decision whether to prosecute ... generally rests entirely in the prosecutor's discretion." *Id.* (citations omitted). Because pursuing a criminal prosecution of a violation of N.D.C.C. § 24–06–28 is within the bounds of our law, it was within the prosecutor's broad discretion to enforce the statute and criminally prosecute Bear.

IV

[¶ 12] Bear argues the State's evidence did not support his conviction. He asserts the State failed to establish the rock's true location. He points to testimony that two of the State's exhibits did not accurately depict the accident location as well as inconsistent testimony regarding where the rock was located. Bear also asserts law enforcement inspected the scene after the truck had been towed, relied on pictures supplied by Hastings that were taken by one of the hunters, and did not interview any other witnesses, other than Hastings. Bear argues there was no evidence presented of where the section line was actually located, no survey of the land was conducted, and he did not place the rock in that location to obstruct travel.

[¶ 13] The State argues there was sufficient evidence to warrant Bear's conviction because Bear placed a permanent obstruction, the rock, on a section line. The State points to Bear's testimony admitting he put the rock there, and witnesses' testimony describing the trail where the accident occurred as a section line. The State also argues the rock was a permanent obstruction, and this was supported by testimony that the hunters had to drive around it, and Hastings' testimony that it was in the center of the trail.

[¶ 14] "A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *State v. Knowels,* 2003 ND 180, ¶ 6, 671 N.W.2d 816 (citation omitted). On appeal, this Court does not weigh conflicting evidence and will not judge the credibility of witnesses; even if there is conflicting testimony or other explanations of the evidence, a fact finder may reach a guilty verdict beyond a reasonable doubt. *State v. Muhle,* 2007 ND 132, ¶ 47, 737 N.W.2d 647. Based on the evidence presented at trial, we conclude a rational fact finder could have determined Bear placed the rock on a section line, and there was sufficient evidence to support the conviction.

V

[¶ 15] Bear argues his actions did not violate N.D.C.C. § 24–06–28 because the rock was not a permanent obstruction, it did not obstruct travel, the public's right of travel was not infringed, and there was testimony that it was possible to simply drive around it.

[¶ 16] The State argues Bear's actions violated the statute because the rock was a permanent obstruction on a section line. The State points to testimony describing

the trail as a section line, the hunters' testimony they had to drive around the rock, and Hastings' testimony that the rock was in the center of the trail.

[¶ 17] While the public has a right to travel on open section lines and "[a] landowner abutting an open section line retains ownership of the property within the easement, subject to the public's right to travel," "not every obstruction jeopardizes the public's right of travel." *Burleigh Cnty. Water Res. Dist. v. Burleigh Cnty.*, 510 N.W.2d 624, 628 (N.D. 1994). This Court has stated:

> The public's easement is limited to the right to travel, and does not include an absolute right to an object-free zone for the complete length and width of the section line. In *Hjelle* [*v. J.C. Snyder & Sons*, 133 N.W.2d 625 (N.D.1965)], we held that a highway right of way is not "obstructed" when a placement did not impede the public's right of passage. Only when an obstruction effectively deprives the public of the ability to travel on an open section line is their right to travel violated.

*Id.* (citation omitted).

[¶ 18] The rock did not completely obstruct or deprive the public of the ability to travel, and the public's right to travel "does not include an absolute right to an object-free zone for the complete length and width of the section line." *Burleigh Cnty. Water Res. Dist.*, 510 N.W.2d at 628. However, based on the evidence presented at trial, including the size of the rock and the damage done to the vehicle, a rational fact finder could have determined the rock was a permanent obstruction placed on a section line.

VI

[¶ 19] Because there was sufficient evidence to support Bear's conviction, we affirm the district court judgment.

[¶ 20] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.