# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 116

Corey Wickham,                                    Petitioner and Appellee

v.

State of North Dakota,                          Respondent and Appellant

## No. 20210313

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi Brown Weiler, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Lloyd C. Suhr, Bismarck, N.D., for petitioner and appellee.

David L. Rappenecker (argued) and Joshua A. Amundson (appeared), Assistant State's Attorneys, Bismarck, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1] The State appeals from an order granting Corey Wickham's postconviction relief application. The State argues the district court did not properly apply the *Strickland* test and its findings regarding ineffective assistance of counsel were clearly erroneous. We reverse.

I

[¶2] Wickham was found guilty of two counts of gross sexual imposition. He appealed his conviction and this Court affirmed in *State v. Wickham*, 2020 ND 25, 938 N.W.2d 141. Wickham then filed an application for postconviction relief, arguing that his conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to object to a State witness's comment on Wickham's invocation of his right to counsel. Because the district judge who presided over Wickham's trial had retired, an evidentiary hearing on his postconviction application was held in front of a different judge. Testimony was heard from Wickham's trial counsel at the hearing. The court found that Wickham satisfied the *Strickland* test and granted Wickham's application for postconviction relief.

II

[¶3] The State argues the court's order granting postconviction relief should be reversed because trial counsel's failure to object to Detective Lahr's testimony commenting on Wickham's post-arrest silence did not amount to ineffective assistance of counsel. This Court's standard of review for postconviction proceedings is well established:

> A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been

made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Brewer v. State*, 2019 ND 69, ¶ 4, 924 N.W.2d 87.

[¶4] "To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thomas v. State*, 2021 ND 173, ¶ 7, 964 N.W.2d 739 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[¶5] Further, "[c]ourts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Booth v. State*, 2017 ND 97, ¶ 8, 893 N.W.2d 186. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

[¶6] "A comment on the defendant's post-arrest silence is an improper comment on the right to remain silent in violation of the Fifth and Fourteenth Amendments of the United States Constitution." *State v. Wilder*, 2018 ND 93, ¶ 5, 909 N.W.2d 684. "[B]ecause the *Miranda* warning carries an implicit 'assurance that silence will carry no penalty,'" a defendant's post-arrest silence cannot be used against him at trial. *Id.* (quoting *Doyle v. Ohio*, 426 U.S. 610, 617–19 (1976)). Further, the United States Supreme Court extended the prohibition against commenting on a defendant's post-*Miranda* silence to a defendant's post-*Miranda* invocation of the right to counsel. *Wainwright v. Greenfield*, 474 U.S. 284, 295 n.13 (1986) ("With respect to post-*Miranda* warnings 'silence,' we point out that silence does not mean only muteness; it includes the statement of a desire to remain silent, as well as of a desire to remain silent until an attorney has been consulted."). Thus, a *Doyle* violation also occurs when the prosecutor comments upon a defendant's statement invoking his right to remain silent by requesting an attorney. *Id.*

[¶7] During direct examination in the State's case-in-chief, Detective Lahr testified:

2

Q: Did you have a conversation with Mr. Wickham at that time when their vehicle was pulled over?

A: It was very brief. Basically, I told him that he was under arrest. The patrolman made contact with Mrs. Wickham, the driver, first and then Mr. Wickham was in the passenger's seat. And then by the time I got up there, I had told Mr. Wickham to step out of the vehicle, which he complied. I told him that he was under arrest. He asked for what. I explained. And then at that time he was brought back to his vehicle. During that process, no information was obtained that was pertinent to this case or evidentiary value or exculpatory. He basically, in summary, stated that he would like to speak with a lawyer or have a lawyer. So at that time anything relevant to this case was never discussed.

Wickham's trial counsel did not object to this statement, nor did counsel request a curative instruction or move for a mistrial. Further, the record reflects that the jury heard Detective Lahr's comment twice. During its deliberations, the jury asked to hear Detective Lahr's testimony again regarding his interactions with Wickham. The court allowed Detective Lahr's testimony to be read back to the jury, including the comment about Wickham asking to speak with a lawyer.

[¶8] Here, the State concedes that Detective Lahr's testimony about Wickham's request for counsel broached an improper topic. Although the prosecution did not use the statement to impeach Wickham or reference the statement during its argument, we assume for purposes of our decision that this testimony standing alone was an improper comment on Wickham's post-arrest silence. *Doyle*, 426 U.S. at 617; *State v. Anderson*, 2016 ND 28, ¶ 14, 875 N.W.2d 496. When raised on direct appeal, a *Doyle* violation is subject to harmless error analysis. *State v. Wilder*, 2018 ND 93, ¶ 13. In that context, if the State proves beyond a reasonable doubt that the comments did not contribute to the verdict, a reversible error did not occur to warrant a new trial for the defendant. *Id*. We have set forth the following factors to consider in deciding whether an improper comment about a defendant's post-arrest silence was harmless error:

1. The use to which the prosecution puts the post arrest silence.
2. Who elected to pursue the line of questioning.
3. The quantum of other evidence indicative of guilt.
4. The intensity and frequency of the reference.
5. The availability to the trial judge of an opportunity to grant a motion for mistrial or to give curative instructions.

*Wilder*, at ¶ 9. When failure to object to a *Doyle* violation is raised in the context of an ineffective assistance of counsel claim on postconviction relief, as it was here, the applicant retains the burden to establish both *Strickland* prongs. Because harmless error and *Strickland* prejudice are closely related inquiries, we conclude these factors must be considered in determining whether prejudice has been established.

[¶9] The district court did not consider the non-exclusive list of factors outlined above. Because the court failed to consider these factors in determining the prejudicial effect of trial counsel's error, we conclude that the court erred in its application of the law under prong two of the *Strickland* test.

[¶10] Further, the court's findings under the prejudice prong were induced by an erroneous view of the law and are not supported by the record. First, in finding the prejudice prong to be satisfied, the court applied a subjective standard: "Had [trial counsel] objected, the outcome would have been different. This Court would have granted a mistrial in the circumstances of this case." In determining whether there was a reasonable probability that the outcome of the proceedings would have been different absent counsel's errors, an objective standard applies. In a postconviction proceeding, the court should consider not what the postconviction judge would have done if trial counsel had objected, but rather whether the failure to object raises a reasonable probability the result of the trial would have been different. Thus, this finding was induced by an erroneous view of the law. Second, the court found that "[h]ad the jury not heard this testimony, especially for a second time, there is a reasonable probability the jury could have remained deadlocked and a mistrial would have been ordered." We conclude the record does not support this finding.

4

[¶11] We have affirmed the refusal to grant a defendant a new trial when the improper comments on a defendant's post-arrest silence were "few and brief" or "only three words." *Wilder*, 2018 ND 93, ¶¶ 9, 13; *State v. Anderson*, 2016 ND 28, ¶¶ 15–16, 875 N.W.2d 496. Further, if the "State did not refer to his silence at any other time during the trial or in closing arguments" or there is "ample evidence" from the entire record indicative of guilt notwithstanding the improper comment, the *Doyle* violation is harmless error. *Wilder*, at ¶ 13; *Anderson*, at ¶¶ 15–16; *see also State v. Aguero*, 2010 ND 210, ¶¶ 32–34, 791 N.W.2d 1; *State v. Hill*, 1999 ND 26, ¶¶ 19–21, 590 N.W.2d 187. Lastly, if the applicant fails to show a reasonable probability that the comments contributed to the verdict, the prejudice prong of the *Strickland* test is not satisfied. *See Wilder*, at ¶ 13.

[¶12] Here, although the improper comment was made by a State witness, the State did not elicit the statement about Wickham's invocation of counsel. Instead, the witness included the comment in a lengthy narrative during which the improper comment was made in passing. Further, only one statement was made about Wickham's post-arrest invocation of his right to counsel. The record demonstrates that the State did not follow up or elicit more testimony regarding the detective's comment, nor did the State refer to his invocation of counsel at any other time during the trial or in closing arguments.

[¶13] Additionally, we conclude that the court underestimated the quantum of other evidence indicative of guilt. The court found that because the jury was struggling to reach a unanimous verdict before Detective Lahr's testimony was read back to the jury, "the Court has to assume" it was the jury hearing the improper comment for a second time that led it to reach a verdict. This finding is clearly erroneous. This was a three-day jury trial during which the jury heard testimony from eight State witnesses. Detective Lahr's testimony spanned over 60 pages of the trial transcript. The improper comment was made near the end of Detective Lahr's direct examination. The record reflects that all of Detective Lahr's testimony was read back to the jury, other than his testimony establishing his qualifications. The jury also heard testimony from the victim describing the details of the assault, heard testimony from a medical examiner that the victim's injuries were consistent with forced penetration,

5

and heard from three other witnesses that DNA matching Wickham's Y chromosomal profile was found in the victim's underpants. Therefore, it was clearly erroneous to find this isolated comment, without further elaboration and no reference in the State's argument, contributed to the jury's verdict. We are left with a definite and firm conviction the district court was mistaken in finding the trial counsel's failure to object raises a reasonable probability of a different result. We therefore reverse the court's order granting Wickham a new trial.

## III

[¶14] We reverse the district court order granting postconviction relief.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Bruce B. Haskell, S.J.

[¶16] The Honorable Bruce B. Haskell, Surrogate Judge, sitting in place of VandeWalle, J., disqualified.