# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 211

State of North Dakota,                                    Plaintiff and Appellee

   v.

Abdirahim Dayib Ahmed,                          Defendant and Appellant

### No. 20250188

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**State v. Ahmed**
**No. 20250188**

**Bahr, Justice.**

[¶1]   Abdirahim Dayib Ahmed appeals from a criminal judgment entered after a jury found him guilty of possession of fentanyl with a firearm and possession of methamphetamine with a firearm. He argues the district court erred by finding sufficient evidence existed to convict him and by not entering judgment of acquittal. We affirm the criminal judgment.

I

[¶2]   In December 2022, the Cass County Drug Task Force executed a search warrant at a residence in Fargo. When law enforcement entered the residence, Ahmed came out of the back bedroom. During the search of the back bedroom, officers found methamphetamine inside a cigarette carton, a black jacket that contained money, an unloaded handgun, a handgun magazine, fentanyl pills, and Ahmed's driver's license. The State charged Ahmed with possession of fentanyl with a firearm and possession of methamphetamine with a firearm.

[¶3]   In April 2025, the district court held a two-day jury trial. After the close of the State's case, Ahmed moved for acquittal under N.D.R.Crim.P. 29. The court denied the motion. The jury found Ahmed guilty on both charges.

II

[¶4]   Ahmed argues the district court erred by finding sufficient evidence existed to convict him. Specifically, Ahmed argues the State failed to prove that the handgun in question meets the definition of "firearm" under N.D.C.C. § 62.1-01-01(3). He acknowledges he did not make this argument in his motion for judgment of acquittal, but requests this Court review for obvious error.

A

[¶5]   Ahmed's motion for judgment of acquittal was on different grounds from his argument asserted on appeal. "If a motion for judgment of acquittal was made at trial on specified grounds and those grounds did not include the claim

on appeal, the defendant does not preserve that issue for review." *State v. Hendricks*, 2025 ND 143, ¶ 4, 24 N.W.3d 925 (quoting *State v. Adams*, 2024 ND 139, ¶ 25, 10 N.W.3d 87); *see also State v. Smith*, 2024 ND 127, ¶ 5, 9 N.W.3d 683 (indicating when a Rule 29 motion is made at trial, "the specific grounds argued before the district court are the only arguments preserved for appeal"). "However, it does not foreclose the exercise of our discretion to review forfeited errors under the obvious error standard as provided by N.D.R.Crim.P. 52(b)." *Adams*, ¶ 25; *see also State v. Dahl*, 2022 ND 212, ¶¶ 9, 11, 982 N.W.2d 580 (explaining the statement—"if a motion for judgment of acquittal was made at trial on specified grounds and those grounds did not include the claim on appeal, the defendant does not preserve that issue for review"—"should not be read to foreclose exercise of our discretion to review forfeited errors under the obvious error standard").

[¶6]   "Obvious error review consists of determining whether (1) there was an error, (2) that was plain, and (3) that affected a party's substantial rights." *State v. Watts*, 2024 ND 158, ¶ 7, 10 N.W.3d 563 (quoting *State v. Gaddie*, 2022 ND 44, ¶ 4, 971 N.W.2d 811). The defendant must demonstrate the error is a "clear or obvious deviation from an applicable legal rule." *Id.* (cleaned up). This Court may rectify obvious error, but "will only do so when the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

B

[¶7]   Generally, "[t]o successfully challenge the sufficiency of the evidence on appeal, the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *Watts*, 2024 ND 158, ¶ 14 (quoting *State v. Haney*, 2023 ND 227, ¶ 7, 998 N.W.2d 817). This Court assumes "the jury believed all evidence supporting a guilty verdict and disbelieved contrary evidence" and "does not reweigh conflicting evidence or judge the witnesses' credibility." *Id.*

[¶8]   Under N.D.C.C. § 62.1-01-01(3), a "firearm" means any weapon that will expel, or is readily capable of expelling, a projectile. Ahmed argues the district

court committed obvious error by not entering a judgment of acquittal, despite no request that it do so, because the State failed to show the handgun was able to "expel" or was "readily capable of expelling" a projectile. Ahmed cites *State v. Enriquez*, 2024 ND 164, 10 N.W.3d 777, to support his position. However, *Enriquez* did not establish a clear or obvious legal rule as to what constitutes sufficient evidence to prove a handgun is able to "expel" or "readily capable of expelling" a projectile.

[¶9]   In *Enriquez*, we concluded "the State can rely on the surrounding facts and circumstances, including testimony from lay witnesses, to prove a weapon is a 'dangerous weapon' or 'firearm' as defined in N.D.C.C. § 12.1-01-04(6) and (9)." 2024 ND 164, ¶ 24. We rejected the position that "an empirical analysis of the gun" or "scientific or direct evidence" must be presented as to the weapon's operability. *Id.* Ahmed has not cited any statute or case law establishing a clear or obvious rule as to what evidence is necessary to establish a weapon's operability.

[¶10] In *Enriquez*, there was "no evidence in the record indicating the handgun was able to or 'readily capable of expelling' a projectile, or from which the [fact finder] could infer the handgun was able to or 'readily capable of expelling' a projectile." 2024 ND 164, ¶ 29. Here, Detective Holte identified the handgun as a SIG Sauer 9mm pistol. He also testified that, although the handgun was unloaded, a magazine was found with it. The district court received into evidence photographs of the handgun, its serial number, and the magazine. The jury could assess the condition of the handgun in the photographs. The photographs appear to show a SIG Sauer 9mm pistol in good condition. The court also received into evidence Detective Holte's body camera video. The video included an interview between Detective Holte and Ahmed. The jury could infer from Ahmed's statements in the video that the handgun was operable.

[¶11] Viewed in the light most favorable to the verdict, there is sufficient evidence in the record for the jury to infer the handgun was able to or readily capable of expelling a projectile. Thus, the evidence is sufficient to support the

convictions of possession of fentanyl with a firearm and possession of methamphetamine with a firearm.

[¶12] The district court did not err in not entering a judgment of acquittal, despite no request that it do so, on the ground the handgun was not a firearm.

### III

[¶13] We affirm the criminal judgment.

[¶14] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr

4